# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID CICERO PUCKETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **1:07-CV-0765-VEH-RRA** |
| | ) | |
| **OFFICER PETTWAY, WARDEN** | ) | |
| **ARNOLD** | ) | |
| **HOLT, and DEPUTY WARDEN GILES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

David Cicero Puckett, plaintiff, has filed a *pro se* complaint in this court pursuant to 42 U.S.C. § 1983.  Plaintiff complains of actions taken against him at the Bullock County Correctional Facility  and names as defendants Warden Holt, Deputy Warden Giles, and Officer Pettway.

It appears from the complaint filed by plaintiff that venue is not proper in the Northern District of Alabama.  A civil rights action may be brought only in the judicial district (1) where  at least one of the defendants resides or (2) where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Daugherty v. Procunier*, 456 F.2d 97 (9th Cir. 1972).  There does not appear to be a defendant who resides in the Northern District of Alabama.  In addition, the incident

about which plaintiff complains did not occur in the Northern District of Alabama, but appears to have occurred in the Middle District of Alabama. Accordingly, in the interests of justice, this action is due to be transferred to the United States District Court for the Middle District of Alabama.  28 U.S.C. § 1404(a). It is so **ORDERED**.

**DONE** this the 27th day of June, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge