IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID CICERO PUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 2:07cv636-MHT |
| JACKIE PETTWAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. #8). By Order filed this same date, the Magistrate Judge granted permission for this *pro se* plaintiff, David Cicero Puckett, to proceed *in forma pauperis*, but stayed proceedings because it is evident that the Complaint and Amended Complaint suffer from deficiencies which warrant its dismissal under 28 U.S.C. § 1915. Upon review of the Complaint, read liberally in favor of Plaintiff, David Cicero Puckett ["Puckett"], and accepting all allegations as true, this Court recommends that dismissal of this case is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] This Amended Recommendation of the Magistrate Judge replaces the Recommendation filed on August 13, 2007 (Doc. #9).

## I. DISCUSSION

For cases brought under 42 U.S.C. § 1983, the legislature in 28 U.S.C. § 1915 authorized courts to dismiss *sua sponte* cases with "(i) 'claim[s] based on an indisputably meritless legal theory,' and (ii) 'those claims whose factual contentions are clearly baseless.'" *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Subsequent to *Neitzke,* the Eleventh Circuit reviewed the law in this area in *Moreland v. Wharton,* 899 F.2d 1168 (11th Cir. 1990). The court, in *Moreland,* noted: "'[d]rawing from his years of experience in reading complaints and living lawsuits from start to finish,' a district judge is uniquely qualified to decide the likelihood that a lawsuit will succeed on the merits." *Id.* at 1170, *citing Spencer v. Rhodes,* 656 F. Supp. 458, 461 (E. D. N. C. 1987).

Thereafter, in *Clark v. State of Georgia Pardons and Paroles Board,* 915 F.2d 636, 639-40 (11th Cir. 1990), the court not only restated the rule of *Moreland, supra,* but noted that even if the complaint states a cause of action, it can sometimes be frivolous within the meaning of 28 U.S.C. § 1915. *See also Harris v. Menendez,* 817 F.2d 737, 739-40 (11th Cir. 1987). As examples, the court noted that the obvious applicability of an affirmative defense such as absolute immunity, res judicata, collateral estoppel, and expiration of the statute of limitations, would all justify a § 1915 dismissal. *Clark,* 915

F.2d at 640 n. 2.

Puckett's Complaint indicates that he began a lawsuit in federal court addressing the same facts as alleged in the present action. He states: "[d]uring my incarceration at/in Bullock County Correctional Facility, Pettway COI, had, on many different occassions [*sic*], **tried to stalk and harass me in different dorms**, and also anywhere else he had the opportunity to." (Doc. # 2 at 3-4). In the Complaint, it was also alleged that another lawsuit was filed in federal court dealing with the same facts. *Id.*

Upon a historical review of the Court's records, it was confirmed that Puckett had indeed filed a previous case in the Northern District of Alabama, *see* 3:99CV3128-E, alleging similar facts. In the Complaint associated with that case, it was stated: "[d]uring my incarceration at/in the Bullock County Correctional Facility in Union Springs, Alabama, Ltd. Pettway COI, had, on different occassions [*sic*], constantly harrassed [*sic*] me for no reason(s), other than not liking me, being the only excuse(s) or reason(s) he'd chosen **to verbally harrass [*sic*] me, as well as following/stalking me up and down the hallway(s)**" (3:99CV3128-E, Doc. #1 at 3-4). The earlier Complaint was executed on November 24, 1999, and named as Defendants the same parties listed in the current action. *Id.*

Federal courts must look to state law to determine what statute of limitations is applicable in § 1983 actions. *Wilson v. Garcia,* 471 U.S. 261, 266 (1985); *Jones v. Preuitt & Mauldin,* 876 F.2d 1480, 1483-84 (11th Cir. 1989). The statute of limitations

3

for § 1983 claims filed in Alabama after 1992 is two years. Ala. Code § 6-2-38; *see Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). This limitations period was in effect both for the current claim, and the claim filed in 1999. *Id.* Federal law determines when the statute of limitations begins to run. *Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir. 1996). The statute of limitations began to run for Puckett when the facts necessary to pursue the cause of action were apparent (or should have been apparent to a reasonably prudent person). *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).

While the statute of limitation is normally an affirmative defense, the Court may consider *sua sponte* affirmative defenses that are apparent from the face of the complaint. *Clark*, 915 F.2d at 640 n.2); *see also Ali v. Higgs*, 892 F.2d 438, 439-40 (5th Cir. 1990) (dismissal with prejudice civil rights complaint filed *in forma pauperis* and pursuant to § 1983 when barred by two year statute of limitations). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915 dismissal is allowed." *Clark*, 915 F.2d at 640. Further, "the court is authorized to test the proceeding for frivolousness or maliciousness before service of process or before filing of the answer." *Ali*, 892 F.2d at 440.

Puckett filed his original claim against the same named Defendants on November 24, 1999. His case was dismissed, without prejudice, on February 14, 2000, for failure to pay the filing fee. Puckett had until November 24, 2001, to file his claim against the same named Defendants for injuries sustained at that time (assuming his injuries arose on

4

the same date his cause of action was filed – otherwise the statute of limitations would run from the date of actual injury).  Puckett's current cause of action was filed on April 26, 2007.  The undersigned notes that Puckett's current Complaint alleges the same essential elements that were alleged in 1999, and refers back to those facts (Doc. # 2 at 1-2).  No other dates of injury are alleged. To the extent that Puckett attempts to raise claims challenging events occurring before April 26, 2005 (two years back from his current file dated), those claims are barred by the statute of limitations.  At the time of filing his claim in 1999, Puckett knew or should have known the facts necessary to pursue his cause of action against the named Defendants.  *See Outler v. U.S.*, 485 F.3d 1273, 1285 (11th Cir. 2007) (Where assertion of an additional claim was time-barred as it was filed seven years after the statute of limitations had run).

For the foregoing reasons, Puckett's claims against the defendants are barred by the statute of limitations and are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915.  *Clark,* 915 F.2d at 640.

## II. CONCLUSION

The complaint fails to state a claim for which relief can be granted.  Therefore, it is the RECOMMENDATION of the undersigned that Puckett's claims be DISMISSED *sua sponte* without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before September 14, 2007**.  Any objections filed must

specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this the 30th day of August, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE